### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
--------------------------------------------------------------------------------------------------------------

**FRANKIE DIXON**
**1221 Clearwater Springs Rd.**
**Raleigh, North Carolina 27610**

**MONIQUE PRIDGEN**
**1221 Clearwater Springs Rd.**
**Raleigh, North Carolina 27610**

**ERNESTO YAQUE**
**1461 Cochran Drive**
**Lake Worth, Florida 33461**

**WAYMAN PATTERSON**
**15485 Stout**
**Detroit, Michigan 48233**
                                                                              **Complaint**

**YUSNIEL VAZQUEZ**
**2287 S. Havervill Road**
**West Palm Beach, Florida 33415**

**EVELIO DELGADO RIVERA**
**11930 El Senderos**
**San Antonio, Texas**

**MARIO YODEL BORRAS GONZALES**
**4733 West Waters Avenue, Apt. 520**
**Tampa, Florida 33614**                        **(Jury Trial Demanded)**

                    **Plaintiffs,**

**v.**

**TSK EXPRESS, LLC**
**c/o Statutory Agent**
**Nemanja Jerkovic**
**8924 Lake Road**
**Seville, Ohio 44273**

1

**NJ EXPEDITE, LLC**
**c/o Statuory Agent**
**Nemanja Jerkovic**
**8924 Lake Road**
**Seville, Ohio 44273**

**NEMANJA JERKOVIC**
**8924 Lake Road**
**Seville, Ohio 44273**

       **Defendants.**
-------------------------------------------------------------------------------------------------------------

## <u>INDIVIDUAL AND CLASS ACTION CIVIL COMPLAINT</u>

The above-Named Plaintiffs, individually and on behalf of themselves and those similarly situated, for their Complaint against Defendants, state and allege as follows:

## <u>INTRODUCTION</u>

1.     Named Plaintiffs initiated this action to redress Defendants' violations of the Truth in Leasing Act, 49 U.S.C. §14704 ("TILA"). Named Plaintiffs assert that Defendants entered into leases with Named Plaintiffs and those similarly situated that violated the provisions of the TILA.

2.     Named Plaintiffs initiated this action to redress Defendants' violations of the common law for unjust enrichment on behalf of themselves and all those similarly situated.

## <u>PARTIES</u>

3.     Named Plaintiff Frankie Dixon resides in North Carolina. Mr. Dixon leased a truck-tractor from Defendants and drove as an independent owner-operator.

4.     Named Plaintiff Monique Pridgen resides in North Carolina. Ms. Pridgen leased a truck-tractor from Defendants and drove as an independent owner-operator.

2

5.     Named Plaintiff Ernesto Yaque resides in Florida. Mr. Yaque leased his truck-tractor from Defendants and drove as an independent owner-operator.

6.     Named Plaintiff Wayman Patterson resides in Michigan. Mr. Patterson leased a tractor-trailer from Defendants and drove as an independent owner-operator.

7.     Named Plaintiff Yusniel Vazquez resides in Florida. Mr. Vazquez leased a tractor-trailer from Defendants and drove as an independent owner-operator.

8.     Named Plaintiff Evelio Delgado Rivera resides in Florida. Mr. Rivera leased a tractor trailer from Defendants and drove as an independent owner-operator.

9.     Named Plaintiff Mario Yodel Borras Gonzales resides in Texas. Mr. Gonzales leased a truck-tractor from Defendants and drove as an independent owner-operator.

10.     Defendant TSK Express, LLC. is an Ohio limited liability company with a place of business at 8924 Lake Road, Seville, Ohio 44273.  Defendant is motor carrier in interstate commerce registered with the Federal Motor Carrier Safety Administration.

11.     Defendant NJ Expedite, LLC is an Ohio limited liability company with a place of business at 8924 Lake Road, Seville, Ohio 44273.  Defendant is a motor carrier in interstate commerce registered with the Federal Motor Carrier Safety Administration.

12.     Defendant Nemanja Jerkovic is the principal owner of Defendant TSK Express, LLC and Defendant NJ Expedite, LLC and is the mastermind of a scheme to take advantage of drivers who lease on as owner-operators.  Defendant Jerkovic controlled the Defendant corporate entities to commit fraud and illegal acts such that the corporate entity should be disregarded.

13.     Among other things, Defendants engaged in a scheme in which they took advantage of the Named Plaintiffs and similarly situated individuals where they failed to provide accurate

3

information about the value of loads so that Defendants would be underpaid for work performed.

14.     Further, Defendants improperly "charged back" and withheld earnings from Named Plaintiffs and similarly situated individuals.

15.     And Defendants improperly withheld "Escrow" funds and/or used other means to unlawfully profit from the Named Plaintiffs and similarly situated individuals.

16.     Defendants John Doe 1 through John Doe 10 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants, which resulted in Defendants failing to pay proper compensation to Named Plaintiffs and similarly situated individuals.

17.     At all times, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

18.     This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. The causes of action alleged in this complaint arise under the laws of the United States regulating the activities of motor carriers transporting property in interstate commerce, including 49 U.S.C. §§ 13501, 14102 and 14704(a)(1) and (2), and 49 C.F.R. § 376.1 et seq.

19.     Venue is based upon 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims raised herein occurred in this district. Defendants are a resident of this district within the meaning of 28 U.S.C. §1391(c) because they are subject to personal jurisdiction at the time this action was commenced.

## CLASS ACTION ALLEGATIONS

20.     Named Plaintiffs bring this action for violations of the TILA and the common law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who performed work as lease operators or in similar positions who were designed as "independent contractors" by Defendants and who worked in this capacity at any point during the applicable statute of limitations (the members of this putative class are hereinafter collectively referred to as "Class Plaintiffs.")

21.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is in the dozens.

22.     Named Plaintiffs' TILA claims are typical of the claims of Class Plaintiffs because Named Plaintiffs and all Class Plaintiffs signed substantively similar lease agreements which contained terms and conditions which are unlawful pursuant to the TILA.

23.     Named Plaintiffs' common law claims for unjust enrichment are typical of the claims of Class Plaintiffs because Defendants uniformly utilized illegal means to withhold earnings from Named Plaintiffs and all Class Plaintiffs.

24.     Named Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs because Named Plaintiffs' interests are coincident with and not antagonistic to those of the class.

25.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from

5

Defendants' records.

26.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

27.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are: (1) whether Defendants violated TILA with respect to the agreements signed by Named Plaintiffs and Class Plaintiffs; (2) whether Defendants were unjustly enriched by their relationships with Named Plaintiffs and Class Plaintiffs; (3) whether Defendants breached their lease agreements with Named Plaintiffs and Class Plaintiffs; (4) whether Defendants defrauded Named Plaintiffs and Class Plaintiffs; and (5) whether Defendants converted funds from Named Plaintiffs and Class Plaintiffs.

## STATUTORY AND REGULATORY FRAMEWORK

28.    The federal Truth-In-Leasing regulations, 49 CFR Part 376, were developed by the Interstate Commerce Commission out of grave concern for mistreatment of Lease Drivers and Owner Operators within the trucking industry.  The regulations govern the leases between motor carriers and independent owner-operators of trucks and were enacted to create transparency in the

6

terms of the equipment and driver services leases to help combat illegal practices by motor carriers such as skimming from owner-operator compensation.  In furtherance of this goal, and with the express intent of alleviated the burden placed on owner-operators by the significant disparity in bargaining power that largely defines their relationship with motor carriers, the Truth-in-Leasing regulations provide standards of conduct to be incorporated in written leases that govern the contractual relationship between motor carriers and the owner-operator.

29.    To protect owner-operators from abusive business practices by motor carriers, the Truth-in-Leasing regulations prescribe certain terms and conditions that govern these relationships:

    a.  The conduct and business practices of authorized motor carriers must comply with the Truth-in-Leasing regulations irrespective of whether their written lease agreements satisfy the requirements of the regulations.  49 CFR 376.12.

    b.  An authorized carrier may make deductions from a driver's compensation for items initially paid for by the carrier only if those items are clearly specified in the lease and then only if the lease recites how the amount of each deduction is computed.  49 CFR 376.12(h).

    c.  The lease must inform the driver that he or she is entitled to copies of those documents which are necessary to determine the validity of the charge.  49 CFR 376.12(h).

    d.  Where an independent contractor is required to deposit funds with the carrier to cover certain specified costs, such "escrow funds" are monies which belong to the independent contractor.  49 CFR 376.12(k)(2), (6).

7

e.  The carrier must provide periodic accountings to drivers, and, upon termination of the relationship with the carrier, a final accounting reporting all transactions involving the escrow fund.  49 CFR 376.12(k)(3), (4), (6).

f.  The carrier must pay interest to the driver on amounts deposited in escrow on at least a quarterly basis.  49 CFR 376.12(k)(5).

g.  Following termination, all unused escrow funds must be returned to the driver within 45 days from the date of termination.  49 CFR 376.12(k)(6).

30.  49 USC 14704(a)(1) and (2) authorizes the independent contractor driver to bring legal actions for injunctive relief and damages to enforce the federal Truth-in-Leasing regulations. 49 USC 14704(c) authorizes an award of attorney's fees in such cases.

## FACTUAL BACKGROUND

31.  At all times material, each Plaintiff leased a commercial vehicle within the meaning of 49 C.F.R. § 376.2(d) and a "lessor" within the meaning of 49 C.F.R. § 376.2(f).

32.  Defendant TSK Express, LLC and Defendant NJ Expedite, LLC are motor carriers as defined at 49 U.S.C. § 13102 (12). 49 C.F.R. § 376.12 mandates that leases between motor carriers such as TSK Express, LLC/NJ Expedite, LLC and independent truck operators such as the Named Plaintiffs and Class Plaintiffs contain specific terms and that regulated motor carriers such as Defendant adhere to those terms.

33.  Each Named Plaintiff and Class Plaintiffs entered into one or more leases with one or both of the Defendants which was similar in form and content to the lease attached hereto as Exhibit A.

34.  The leases entered into between each Named Plaintiff and Class Plaintiff and one

8

or both of the Defendants were subject to the Federal Motor Carrier Safety Administration's Truth-In-Leasing regulations, 49 C.F.R. §§ 376.11 and 376.12. Under the leases, Named Plaintiffs and Class Plaintiffs agreed, inter alia, to lease motor vehicle equipment from and to provide labor to Defendant for compensation.

**COUNT ONE - STATUTORY CLAIM UNDER 49 U.S.C. § 14704(a)(1)**

35.     For Count One of their Complaint, Named Plaintiffs and Class Plaintiffs reallege those matters set forth in paragraphs one through 34 above and further state:

36.     Pursuant to 49 U.S.C. § 14704(a)(2) a carrier providing transportation or service subject to jurisdiction under 49 U.S.C. §13501 et seq. is liable for damages sustained by a person for violations of 49 U.S.C. §13101 et seq. and of regulations promulgated pursuant to 49 U.S.C. §14102.

37.     In Count One, Named Plaintiffs and Class Plaintiffs seek damages caused by Defendants' violations of lease and interchange regulations, 49 C.F.R. §§ 376.11 and 376.12.  In some instances, Defendants did not provide Named Plaintiffs and Class Plaintiffs with a copy of their lease.

38.     49 C.F.R. Part 376 governed the lease arrangement between Plaintiffs and Defendants.  At all times material 49 C.F.R. § 376.12 provided, in part, that the written lease required therein "shall be adhered to and performed by the authorized carrier."

39.     At all times material hereto 49 C.F.R. § 376.12(d) provided in pertinent part as follows:

> (d) Compensation to be specified. The amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease. Such lease or

9

addendum shall be delivered to the lessor prior to the commencement of any trip in the service of the authorized carrier. An authorized representative of the lessor may accept these documents. The amount to be paid may be expressed as a percentage of gross revenue, a flat rate per mile, a variable rate depending on the direction traveled or the type of commodity transported, or by any other method of compensation mutually agreed upon by the parties to the lease. The compensation stated on the lease or in the attached addendum may apply to equipment and driver's services either separately or as a combined amount.

40.     Plaintiffs' leases with Defendants did not comply with 49 C.F.R 376.12(d) because they did not clearly state on the face of the lease, or in an addendum which was attached to the lease, the amount to be paid by Defendants to each Plaintiff for the lease of his equipment and driver's services.  In some instances, Defendants did not provide Named Plaintiffs and/or Class Plaintiffs a copy of the lease.  Also, Defendants did not provide Named Plaintiffs and/or Class Plaintiffs with accurate information as to the gross revenue of which Named Plaintiffs and/or Class Plaintiffs were supposed to receive a percentage.

41.     At all times material 49 C.F.R. § 376.12 provided, in part, as follows:

(f) Payment period. The lease shall specify that payment to the lessor shall be made within 15 days after submission of the necessary delivery documents and other paperwork concerning a trip in the service of the authorized carrier. The paperwork required before the lessor can receive payment is limited to log books required by the Department of Transportation and those documents necessary for the authorized carrier to secure payment from the shipper. The authorized carrier may require the submission of additional documents by the lessor but not as a prerequisite to payment. Payment to the lessor shall not be made contingent upon submission of a bill of lading to which no exceptions have been taken.

42.     The leases did not comply with 49 C.F.R. § 376.12(f) because the leases stated  that payment would be made "within a reasonable time" and Defendants often withheld payment beyond 15 days after submission of the deliver documents and other

paperwork concerning a trip.  Defendants did not comply with this mandatory lease term

because it failed to pay the Plaintiffs all compensation to which they were entitled.

Instead, Defendants deducted an undisclosed and secret surcharge from gross revenue it

reported to each Plaintiff as having billed to its customers.

43.     At all times material 49 C.F.R. § 376.12 provided as follows:

> (g) Copies of freight bill or other form of freight documentation. When a
> lessor's revenue is based on a percentage of the gross revenue for a
> shipment, the lease must specify that the authorized carrier will give the
> lessor, before or at the time of settlement, a copy of the rated freight bill or
> a computer-generated document containing the same information, or, in the
> case of contract carriers, any other form of documentation actually used for
> a shipment containing the same information that would appear on a rated
> freight bill. When a    computer-generated document is provided, the lease
> will permit lessor to view, during normal business hours, a copy of any
> actual document underlying the computer-generated document. Regardless
> of the method of compensation, the lease must permit lessor to examine
> copies of the carrier's tariff or, in the case of contract carriers, other
> documents from which rates and charges are computed, provided that where
> rates and charges are computed from a contract of a contract carrier, only
> those portions of the contract containing the same information that would
> appear on a rated freight bill need be disclosed. The authorized carrier may
> delete the names of shippers and consignees shown on the freight bill or
> other form of documentation.

44.     The leases did not comply with 49 C.F.R. § 376.12(g) because they did not specify

that the carrier will give a copy of the freight bill or other documentation and Defendants violated

this section because they failed to provide before or at the time of settlement, a copy of the rated

freight bill or a computer-generated document containing the same information the same

information that would appear on a rated freight bill to each Plaintiff.  Instead, Defendants

provided each Named Plaintiffs and Class Plaintiffs with information that fraudulently understated

the amount Defendants had billed to its customers for each shipment transported by each Named

11

Plaintiffs and Class Plaintiffs.

45.     At all times material 49 C.F.R. § 376.12 provided as follows:

(h) Charge-back items. The lease shall clearly specify all items that may be initially paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed. The lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge.

46.     The leases did not comply with 49 C.F.R. § 376.12(h).  Further, Defendants did not provide Named Plaintiffs and Class Plaintiffs, as lessors, with copies of those documents which were necessary to determine the validity of charge-backs items, including charge-backs for insurance.  Upon information and belief, Defendants significantly inflated "charge backs" and/or fraudulently increased charges in order to make a profit by withholding earnings.

47.     Defendants violated 49 C.F.R. § 376.12(h) by charging Plaintiffs an undisclosed and secret surcharge of gross revenue for each shipment, without Plaintiffs' knowledge and approval, and by failing to provide each plaintiff with copies of documents necessary to determine the validity of this secret surcharge.

48.     At all times material 49 C.F.R. § 376.12 provided, in part, as follows:

(j) Insurance. (1) The lease shall clearly specify the legal obligation of the authorized carrier to maintain insurance coverage for the protection of the public pursuant to FMCSA regulations under 49 U.S.C. 13906. The lease shall further specify who is responsible for providing any other insurance coverage for the operation of the leased equipment, such as bobtail insurance. If the authorized carrier will make a charge back to the lessor for any of this insurance, the lease shall specify the amount which will be charged-back to the lessor.

49.     The leases did not comply with 49 C.F.R. § 376.12(j)(1).  Further, Defendants' charges to Named Plaintiffs and Class Plaintiffs for insurance, which in whole or in part was

intended for public liability insurance, resulted in each Named Plaintiff and Class Plaintiff paying

for insurance, at a price far above Defendants' cost.

50.    At all times material 49 C.F.R. § 376.12(j) provided as follows:

(2) If the lessor purchases any insurance coverage for the operation of the leased equipment from or through the authorized carrier, the lease shall specify that the authorized carrier will provide the lessor with a copy of each policy upon the request of the lessor. Also, where the lessor purchases such insurance in this manner, the lease shall specify that the authorized carrier will provide the lessor with a certificate of insurance for each such policy. Each certificate of insurance shall include the name of the insurer, the policy number, the effective dates of the policy, the amounts and types of coverage, the cost to the lessor for each type of coverage, and the deductible amount for each type of coverage for which the lessor may be liable. (3) The lease shall clearly specify the conditions under which deductions for cargo or property damage may be made from the lessor's settlements. The lease shall further specify that the authorized carrier must provide the lessor with a written explanation and itemization of any deductions for cargo or property damage made from any compensation of money owed to the lessor. The written explanation and itemization must be delivered to the lessor before any deductions are made.

51.    Defendants did not comply with 49 C.F.R. § 376.12(j)(2) and (j)(3).

52.    At all times material 49 C.F.R. § 376.12(i) provided as follows:

(i) Products, equipment, or services from authorized carrier. The lease shall specify that the lessor is not required to purchase or rent any products, equipment, or services from the authorized carrier as a condition of entering into the lease arrangement. The lease shall specify the terms of any agreement in which the lessor is a party to an equipment purchase or rental contract which gives the authorized carrier the right to make deductions from the lessor's compensation for purchase or rental payments.

53.    The leases did not comply with 49 C.F.R. § 376.12(i).

54.    Under 49 U.S.C. § 14704(a)(1) each Named Plaintiff and Class Plaintiff is entitled

to recover damages from Defendants caused by its failure to comply with 49 C.F.R. § 376.12.  The

Named Plaintiffs and Class Plaintiffs are also entitled to injunctive relief requiring Defendants to

comply with 49 C.F.R. §376.12.

55.     As a result of Defendants' violations of 49 C.F.R. §§ 376.11 and 376.12, each plaintiff  incurred damages in an amount to be determined at trial, but estimated to be in excess of $25,000.00 for each Named Plaintiff or Class Plaintiff.

## COUNT TWO - BREACH OF CONTRACT

56.     For Count Two of their Complaint, Named Plaintiffs and Class Plaintiffs reallege those matters set forth in paragraphs one through 55 above and further state:

57.     Defendants breached their lease contracts with the Named Plaintiffs and Class Plaintiffs which incorporated the provisions specified in 49 C.F.R. § 376.12 as a matter of law.

58.     As a result of the breach of the leases by Defendants, each Named Plaintiff and Class Plaintiff has incurred damages in an amount to be determined at trial but estimated to be in excess of $25,000.00 for each Plaintiff.

## COUNT THREE - FRAUD

59.     For Count Three of their Complaint, Named Plaintiffs and Class Plaintiffs reallege those matters set forth in paragraphs one through 58 above and further state:

60.     Defendants made material misrepresentations to each Named Plaintiff and Class Plaintiff on period settlement statements understating the amount it charged to its customers for each shipment transported by each Named Plaintiff and Class Plaintiff, and the amount of revenue to which each Named Plaintiff and Class Plaintiff was entitled based upon the division of revenue required under the leases, which provided that each Named Plaintiff and Class Plaintiff would be paid a percentage of revenue received by the Defendants.

61.     Defendants made material misrepresentation to each Named Plaintiff and Class

14

Plaintiff about Defendants' insurance costs, and other chargebacks.

62.     Defendants knew that their representations to each Named Plaintiff and Class Plaintiff about revenue received, revenue to which Named Plaintiffs and Class Plaintiffs were entitled, and chargebacks, including for insurance costs, were false, intending that Named Plaintiffs and Class Plaintiffs act in reliance on those material representations, and with intent to deprive each Named Plaintiff and Class Plaintiff of his/her earnings.

63.     Named Plaintiffs and Class Plaintiffs acted in reliance on representations made by Defendants. As a result, Named Plaintiffs and Class Plaintiffs have incurred damages in an amount to be determined at trial but estimated to be in excess of $25,000.00 for each Named Plaintiff and Class Plaintiff.

### COUNT FOUR - CONVERSION

64.     For Count Four of their Complaint, Named Plaintiffs and Class Plaintiffs reallege those matters set forth in paragraphs one through 63 above and further state:

65.     Defendants have engaged in a pattern and practice of making deductions from each Named Plaintiffs' and Class Plaintiffs' compensation by deducting an undisclosed and secret surcharge from the amounts it actually billed to its customers, prior to reporting to Named Plaintiffs and Class Plaintiffs the amounts it claimed to have billed to its customers, and other items not properly disclosed or enumerated and in amounts not properly set forth or explained in the Lease Agreements. Monies for those items have been and are unlawfully withheld and/or deducted from Named Plaintiffs and Class Plaintiffs in violation of 49 C.F.R. §376.12(h) and (j).

66.     As a direct and proximate result of Defendants' violations of part 376, owner-operators are deprived of sums rightfully belonging to them and have incurred substantial

monetary damages. Defendants' failures are actionable. 49 U.S.C. §14704(a)(1) and (2).

67.     Throughout the terms of the leases between each Named Plaintiff and Class Plaintiffs and Defendants, Defendants prepared or caused to be prepared periodic settlement statements that the Defendants provided to each of the Named Plaintiffs and Class Plaintiffs setting forth each Named Plaintiff's and Class Plaintiff's compensation.

68.     In preparing periodic settlement statements Defendants caused the settlement statements to understate the revenue billed by Defendant TSK Express, LLC and/or Defendant NJ Expedite, LLC which, in turn, understated the compensation to which each of the Named Plaintiffs and Class Plaintiffs were entitled.

69.     Defendants understated each Named Plaintiff's and Class Plaintiff's compensation on periodic settlement statements in order to commit acts of conversion of funds due to each Named Plaintiff and Class Plaintiff from Defendants.

70.     As the proximate result of the conversion by the Defendants, each Named Plaintiff and Class Plaintiff has suffered damages in an amount to be determined at trial, but estimated to be in excess of $25,000.00 for each Named Plaintiff and Class Plaintiff.

### COUNT FIVE – PIERCING THE CORPORATE VEIL

71.     For Count Five of their Complaint, Named Plaintiffs and Class Plaintiffs reallege those matters set forth in paragraphs one through 70 above and further state:

72.     Defendant Jerkovic had a control over the Defendant limited liability companies and/or Defendant John Doe that was so complete that the entities had no separate mind, will, or existence of its own.

73.     Defendant Jerkovic controlled the Defendant limited liability companies in such a

16

manner that the fraud and other illegal acts subject to this Complaint against Named Plaintiffs and Class Plaintiffs.

74.     Defendant Jerkovic's control over the Defendant limited liability companies and his scheme to defraud truck drivers resulted in injury and unjust loss to Named Plaintiffs and Class Plaintiffs.

<strong>JURY TRIAL DEMAND</strong>

75.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiffs and Class Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Named Plaintiffs and Class Plaintiffs pray for judgment from the Court as follows:

A. Certify a class comprised of independent contractors of motor vehicle equipment who, at any time on or after a date to be determined according to the applicable statute of limitations, were parties to a lease agreement regulated by Part 376 with Defendant TSK Express, LLC and/or Defendant NJ Expedite, LLC, or who enter a lease agreement regulated by Part 376 with Defendant at any time during the pendency of this proceeding;

B. As to Count One awarding each Named Plaintiff and Class Plaintiff judgment against Defendants for damages for violations of 49 C.F.R. § 376.12 pursuant to 49 U.S.C. § 14704(a)(2), including interest thereon, and a temporary and permanent injunction directing Defendants to comply with 49 C.F.R. § 376.12;

C. As to Count Two awarding Named Plaintiffs and Class Plaintiffs judgment against Defendants for damages caused by breach of the leases;

D. As to Counts Three and Four, awarding Named Plaintiffs and Class Plaintiffs judgment against Defendants for damages caused by fraud and conversion;

E. Awarding Named Plaintiffs and Class Plaintiffs equitable relief from Defendants;

F. Awarding Named Plaintiffs and Class Plaintiffs punitive damages;

G. Awarding Named Plaintiffs' and Class Plaintiffs' attorney fees and costs pursuant to 49 U.S.C. § 14704(e); and.

H.  For such other relief as the Court deems just and equitable.

**STALZER LAW**
By: */s/ John B. Stalzer*
John B. Stalzer (Ohio Bar No. 0074371)
20714 Stratford Avenue
Rocky River, Ohio 44116
Tel. No. (440) 578-7727
ATTORNEY FOR NAMED PLAINTIFFS AND
CLASS PLAINTIFFS

18